UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **AMANDA GIBSON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. |
| v. | * | |
| | * | 7:14-CV-02002-LSC |
| **RELIANT RENAL** | * | |
| **CARE-ALABAMA, LLC &** | * | |
| **RELIANT RENAL CARE, INC.** | * | |
| | * | |
| Defendants. | * | |

## ANSWER TO COMPLAINT OF
## RELIANT RENAL CARE – ALABAMA, LLC

Defendant Reliant Renal Care – Alabama, LLC, answers Plaintiff's complaint as follows:

In response to the specific factual allegations of the Complaint, Reliant Renal Care – Alabama says as follows:

The Plaintiff, Amanda Gibson, brings this complaint arising from her employment with the Defendants, Reliant Renal Care-Alabama, LLC and its parent company, Reliant Renal Care, Inc. This complaint brings claims for race discrimination and retaliation under 42 U.S.C. § 1981 (2012) and state law claims for breach of settlement agreement.

RESPONSE: Reliant Renal Care – Alabama, LLC, admits that this cause asserts claims against it and Reliant Renal Care, Inc., for race discrimination and retaliation under 42 U.S.C. § 1981 (2012) and state law claims for breach of settlement agreement, but denies that it has engaged in any wrongful act or omission towards Plaintiff.

## JURISDICTION AND VENUE

1. This Honorable Court has federal-question jurisdiction over Plaintiff's claims that arise under 42 U.S.C. § 1981.

Response: Admitted.

2. Venue is appropriate in the Northern District of Alabama under 28 U.S.C. § 1391(b) because all events giving rise to the claims herein occurred in Tuscaloosa County, Alabama.

Response: Admitted.

Hereinafter, Defendants Reliant Renal Care-Alabama, LLC and Reliant Renal Care, Inc. are referred to collectively as "Defendant".

**Response: Reliant Renal Care – Alabama, LLC, objects to Plaintiff referring to two, separate and legally distinct entities collectively as a single defendant. This document is the Answer of Reliant Renal Care – Alabama, LLC, and the responses herein are solely those of Reliant Renal Care – Alabama, LLC. Reliant Renal Care**

**– Alabama, LLC, IS NOT answering on behalf of Reliant Renal Care, Inc., and Reliant Renal Care, Inc., will be filing a separate answer to address Plaintiff's claims and allegations.**

## PARTIES

3. Plaintiff, Amanda Gibson, is a citizen of the United States and resides in Tuscaloosa County, Alabama, which is within the Western Division of the Northern District of Alabama.

 Response: Reliant Renal Care – Alabama, LLC, admits that at the time Plaintiff was employed by it, Plaintiff provided a residence address in Tuscaloosa County, Alabama.

4. Upon information and belief, Defendant, Reliant Renal Care-Alabama, LLC, is a Delaware limited liability corporation and a subsidiary of Defendant Reliant Renal Care, Inc. which is a Delaware corporation with its principal place of business in Media, Pennsylvania.

 Response: Reliant Renal Care – Alabama, LLC, is a limited liability company organized and existing under the laws of Delaware and is duly authorized to do business in Alabama. Reliant Renal Care – Alabama, LLC, admits that Reliant Renal Care, Inc., is its sole member. Reliant Renal Care – Alabama, LLC, admits that Reliant Renal Care, Inc., is a corporation organized and existing under the laws of Delaware.

## STATEMENT OF THE FACTS

5. Plaintiff, Amanda Gibson, is a Caucasian woman.

    Response:   Admitted.

6. Plaintiff was employed by Defendant, initially as a Floor Nurse, and later as a Home Hemodialysis Coordinator.

    Response:   Admitted.

7. During at least part of her employment with Defendant, Plaintiff was supervised by Shelia Baraka, an African American woman.

    Response:   Admitted.

8. Baraka discriminated against Plaintiff and created a hostile work environment for Plaintiff because of Plaintiff's race. Baraka accomplished this by treating employees, including Plaintiff, differently on the basis of race and by describing employees with offensive racial epithets.

    Response:   Denied.

9. On October 17, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) as a result of the discrimination she experienced at Reliant Renal Care.

    Response:   Reliant Renal Care – Alabama, LLC, admits that it received a "Notice of Charge of Discrimination" dated October 17, 2012, but avers that no charge of discrimination was attached to the Notice. Reliant

Renal Care – Alabama, LLC, admits that it received a "Notice of Charge of Discrimination" dated January 22, 2013, which Notice was accompanied by a Charge of Discrimination bearing Charge No. 420-2013-00106, that indicated it had been received by the Equal Employment Opportunity Commission on November 29, 2012.  To the extent not admitted here, Reliant Renal Care – Alabama, LLC, denies the allegations of this paragraph.

10. On January 3, 2014, the EEOC issued its determination that "[t]he evidence establishes that [Plaintiff] was subjected to unwelcome comments or conduct based upon her race." See Exhibit A.

   Response:  Reliant Renal Care – Alabama, LLC, avers that Exhibit A speaks for itself.  Reliant Renal Care – Alabama, LLC, denies that Plaintiff was subjected to unwelcome comments or conduct based upon her race during her employment with Reliant Renal Care – Alabama, LLC.

11. Thereafter, Plaintiff and Defendant engaged with the EEOC in conciliation efforts and reached a conciliation agreement and a settlement of the claims in her EEOC charge. See Exhibit B.

   Response: Reliant Renal Care – Alabama, LLC, admits that it engaged in conciliation negotiations with the Equal Employment Opportunity Commission, Plaintiff, and her counsel.  Reliant Renal Care –

Alabama, LLC, denies that Exhibit B is a true and correct copy of the Conciliation Agreement because it is not signed by the Equal Employment Opportunity Commission, a prerequisite to the Conciliation Agreement being effective and binding on the parties. Reliant Renal Care – Alabama, LLC, avers that the Conciliation Agreement became effective on July 3, 2014, the date it was executed by Delner Franklin-Thomas, Director, Birmingham District Office of the Equal Employment Opportunity Commission. A true and correct copy of the fully executed Conciliation Agreement is attached as Exhibit 1 to this Answer. Reliant Renal Care – Alabama, LLC, further avers that Plaintiff and Reliant Renal Care – Alabama, LLC, entered a Negotiated Settlement Agreement effective May 12, 2014. A true and correct copy of this Agreement is attached as Exhibit 2 to this Answer. The Equal Employment Opportunity Commission was not a party to the Negotiated Settlement Agreement.

12.  Within roughly 24 hours of the settlement agreement being finalized, Plaintiff was suspended from her job and then terminated.

   Response:  Reliant Renal Care – Alabama, LLC, admits that it placed Plaintiff on administrative leave pending an investigation into information that she engaged in misconduct. To the extent not admitted

herein, Reliant Renal Care – Alabama, LLC, denies the allegations of this paragraph.

13. Defendant claims Plaintiff was terminated for violating its computer use policy. This alleged violation of a computer use policy is merely a pretext for retaliation and discrimination.

> Response: Reliant Renal Care – Alabama, LLC, admits that it terminated Plaintiff's employment for misconduct. To the extent not admitted herein, Reliant Renal Care – Alabama, LLC, denies the allegations of this paragraph.

## SECTION 1981 DISCRIMINATION

14. Plaintiff incorporates by reference all preceding paragraphs.

> Response: Reliant Renal Care – Alabama, LLC, adopts and incorporates by reference each and every response set forth above as if fully set forth herein.

15. At all relevant times, up to the point of her termination, Plaintiff and Defendant were in a contractual relationship within the meaning of 42 U.S.C. § 1981.

> Response: Reliant Renal Care – Alabama, LLC, admits that Plaintiff's employment with it was subject to 42 U.S.C. § 1981.

16. Under 42 U.S.C. § 1981, it is unlawful to discriminate on the basis of race in the making and enforcement of contracts. This prohibition extends to encompass claims of retaliation.

> Response: Reliant Renal Care – Alabama, LLC, avers that this paragraph calls for a legal conclusion and therefore no response is required of it.

17. Plaintiff was discharged because of her race, in violation of 42 U.S.C. § 1981.

> Response: Denied.

18. Before her discharge, Plaintiff experienced retaliation as a result of her decision to challenge Defendant's discriminatory acts.

> Response: Denied.

19. After Plaintiff filed a charge of discrimination with the EEOC, Shelia Baraka referred to Plaintiff in the presence of others as a "white, honky bitch". This comment was made because Plaintiff had filed a charge of discrimination. See Exhibit C.

> Response: Denied.

20. After the charge of discrimination was filed, Shelia Baraka also retaliated against Plaintiff in other ways, including singling her out for unwarranted disciplinary action. See Exhibit C.

       Response:   Denied.

21. Defendant ratified the conduct of Baraka by ignoring complaints by employees about her behavior.

       Response:   Denied.

22. In addition, after the charge had been filed, Defendant sent an attorney representative from its corporate office to the Tuscaloosa office to give training on "team building." The corporate representative used the opportunity to intimidate employees. He told the employees that it was extremely difficult to succeed in discrimination cases and that the complaints to corporate needed to stop. This representative also communicated to the employees at this meeting that if the complaints did not stop, there would be terminations. The tone of this discussion was threatening and left many employees afraid to cooperate in investigations into discrimination at Defendant's Tuscaloosa office.

       Response:   Denied.

23. Plaintiff's discharge and the other acts of retaliation represent new discriminatory acts and retaliation which were not covered by her original charge filed with the EEOC (EEOC Charge No. 420-2013-00106).

       Response:   Denied.

24. The settlement agreement reached by Plaintiff and Defendant releases only those claims based on or arising from the allegations of the original charge filed on October17, 2012. See Exhibit B.

Response: Reliant Renal Care – Alabama, LLC, avers that the Conciliation Agreement and Negotiated Settlement Agreement speak for themselves.

25. Since Plaintiff's termination and the other retaliatory acts are new acts of discrimination and retaliation not covered by the settlement agreement, she is free to pursue a claim for discrimination and retaliation under 42 U.S.C. § 1981.

Response: Denied.

26. As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has incurred damages.

Response: Reliant Renal Care – Alabama, LLC, denies that it engaged in any act or omission that violated the provisions of 42 U.S.C. § 1981.

### BREACH OF SETTLEMENT AGREEMENT

27. Plaintiff incorporates by reference all preceding paragraphs.

Response: Reliant Renal Care – Alabama, LLC, adopts and incorporates by reference each and every response set forth above as if fully set forth herein.

28.     Plaintiff and Defendant entered into a settlement agreement for the claims made in Plaintiff's original EEOC charge.

Response:   Reliant Renal Care – Alabama, LLC, admits that it and Plaintiff entered a Negotiated Settlement Agreement effective May 12, 2014, see Exhibit 2, and a Conciliation Agreement, which collectively settled the actions investigated by the Equal Employment Opportunity Commission in response to Plaintiff's charge of discrimination.

29.     Along with the settlement agreement, the parties also entered into a valid conciliation agreement relating to the claims made in Plaintiff's original EEOC charge.

Response:   Reliant Renal Care – Alabama, LLC, admits that it and Plaintiff entered a Negotiated Settlement Agreement effective May 12, 2014, see Exhibit 2, and a Conciliation Agreement, which collectively settled the actions investigated by the Equal Employment Opportunity Commission in response to Plaintiff's charge of discrimination.

30.     The conciliation agreement required that Defendant conduct all employment practices in a non-discriminatory manner and that Defendant refrain from retaliating against any person.

Response:   Reliant Renal Care – Alabama, LLC, avers that the Conciliation Agreement speaks for itself.

31. Nothing in the settlement agreement or the conciliation agreement required the Plaintiff to leave the employ of the Defendant.

> Response: Reliant Renal Care – Alabama, LLC, avers that the Conciliation Agreement speaks for itself.

32. Defendant breached the conciliation and settlement agreements by suspending and eventually terminating the Plaintiff on grounds which were merely pretext.

> Response: Denied.

33. Defendant's actions have also violated the implied covenant of good faith and fair dealing in the settlement agreement and the conciliation agreement.

> Response: Reliant Renal Care – Alabama, LLC, denies the allegations of this paragraph and further denies that there existed a covenant of good faith and fair dealing arising from the Negotiated Settlement Agreement or the Conciliation Agreement.

34. As a direct and proximate result of Defendant's willful violations of the settlement and conciliation agreements, Plaintiff has incurred damages.

> Response: Reliant Renal Care – Alabama, LLC, denies that it violated either the Conciliation Agreement or the Negotiated Settlement Agreement.

WHEREFORE, Plaintiff, Amanda Gibson, prays for judgment against Defendant, Reliant Renal Care-Alabama, LLC, and Defendant Reliant Renal Care, Inc., as follows:

A.  For a declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violate the laws of the United States and the State of Alabama.

B.  For an injunction and order permanently restraining Defendants from engaging in unlawful discrimination and retaliation.

C.  For an order directing Defendants to reinstate Plaintiff to her former employment position with Defendants, or in the alternative for front pay. Should this Honorable Court order Plaintiff to be reinstated to her former employment position, Plaintiff prays for an order directing Defendants to take affirmative actions to ensure that Plaintiff will not be subjected to future unlawful employment practices.

D.  For an award of damages for all monetary and economic harms suffered by Plaintiff, including an amount equal to Plaintiff's back pay and benefits from her date of termination to the present.

E.  For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of

enjoyment of life, harm to professional and personal reputation, loss of career fulfillment, and other non-pecuniary damages and fringe benefits.

  F. For punitive damages.

  G. For all attorneys' fees and costs of this action.

  H. For prejudgment interest on all awards of damages.

  I. For an order directing the Defendants to comply with all of its other contractual duties under the settlement agreement and the conciliation agreement.

  J. For such other and further relief as is just and equitable.

Response:

  Response: Reliant Renal Care – Alabama, LLC, denies the Plaintiff is entitled to the relief sought.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state of cause of action against Reliant Renal Care – Alabama, LLC, upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff cannot satisfy her burdens of proof required to establish liability under 42 U.S.C. § 1981 on the part of Reliant Renal Care – Alabama, LLC.

## FOURTH DEFENSE

Plaintiff's claims are barred under the decision of the United States Supreme Court in *Gross v. FBL Financial Services*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

## FIFTH DEFENSE

Reliant Renal Care – Alabama, LLC, denies that it unlawfully discriminated against Plaintiff on the basis of her race.

## SIXTH DEFENSE

Reliant Renal Care – Alabama, LLC, denies that it was motivated, in whole or in part, by Plaintiff's race with respect to any adverse action taken related to Plaintiff's employment with it.

## SEVENTH DEFENSE

Any act or omission undertaken by Reliant Renal Care – Alabama, LLC with respect to Plaintiff's employment with it was based upon legitimate, non-discriminatory reasons.

## EIGHTH DEFENSE

Reliant Renal Care – Alabama, LLC, denies that it retaliated against Plaintiff for any activity protected by 42 U.S.C. § 1981.

### NINTH DEFENSE

The adverse employment action that serves as the basis of Plaintiff's claim was based upon factors other than any activity protected under federal law.

### TENTH DEFENSE

The "other retaliatory acts" alleged by Plaintiff are not actionable under 42 U.S.C. § 1981.

### ELEVENTH DEFENSE

Reliant Renal Care – Alabama, LLC, avers lack of causation in defense of Plaintiff's claims.

### TWELFTH DEFENSE

Reliant Renal Care – Alabama, LLC, avers laches in defense of Plaintiff's claims.

### THIRTEENTH -SECOND DEFENSE

Reliant Renal Care – Alabama, LLC, avers waiver in defense of Plaintiff's claims.

### FOURTEENTH DEFENSE

Reliant Renal Care – Alabama, LLC, avers settlement and release in defense of Plaintiff's claims.

### FIFTEENTH DEFENSE

Plaintiff's demand for punitive damages is barred in that any action or actions taken undertaken by Reliant Renal Care – Alabama, LLC, with respect to Plaintiff were not undertaken with malice or reckless indifference to Plaintiff's federally-protected rights.

### SIXTEENTH DEFENSE

To the extent that Plaintiff engaged in any activity protected by federal law, Plaintiff engaged in misconduct that violated reasonable company policies serves as a legitimate, non-retaliatory basis for the adverse employment made the subject of Plaintiff's claim.

### SEVENTEENTH DEFENSE

The relief sought by Plaintiff is barred to the extent that Plaintiff failed to mitigate her damages.

### EIGHTEENTH DEFENSE

Reliant Renal Care – Alabama, LLC, avers estoppel in defense of Plaintiff's claims.

### NINETEENTH DEFENSE

Reliant Renal Care – Alabama, LLC, avers unclean hands in defense of Plaintiff's claims.

### TWENTIETH DEFENSE

Reliant Renal Care – Alabama, LLC, denies that it intentionally or with reckless indifference violated Plaintiff's federally-protected rights.

### TWENTY-FIRST DEFENSE

Reliant Renal Care – Alabama, LLC, avers that any award of punitive damages in this action are limited in amount by the Constitution of the United States as interpreted by the United States Supreme Court.

### TWENTY-SECOND DEFENSE

Reliant Renal Care – Alabama, LLC, denies that there existed a covenant of good faith and fair dealing arising from the Negotiated Settlement Agreement or the Conciliation Agreement.

s/ *David B. Walston*
David B. Walston

s/ *W. Steven Nichols*

Attorneys for Defendant Reliant Renal Care – Alabama, LLC

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203-2696
Telephone:  (205) 795-6588
Fax:            (205) 328-7234
E-Mail:       dbwalston@csattorneys.com
                   wsnichols@csattorneys.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2014 a true and correct copy of this Answer was served on the following in accordance with the electronic filing and service procedures established by the United States District Court for the Northern District of Alabama:

>Rebecca A. Young, Esq.
>OWENS & MILLSAPS, LLP
>P.O. Box 2487
>Tuscaloosa, AL 35403
>E-mail:       ryoung@theowensfirm.com

*s/ David B. Walston*
Of Counsel