UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| AMANDA GIBSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Civil Action No. 7:14 CV 02002-LSC |
| | ) |
| RELIANT RENAL | ) |
| CARE-ALABAMA, LLC & | ) |
| RELIANT RENAL CARE, INC. | ) |
| | ) |
| DEFENDANTS. | ) |

**FIRST AMENDED COMPLAINT**[1]

The Plaintiff, Amanda Gibson, brings this first amended complaint arising from her employment with the Defendants, Reliant Renal Care-Alabama, LLC and its parent company, Reliant Renal Care, Inc. This amended complaint adds claims of race discrimination and retaliation under Title VII.  This amended complaint reasserts the claims from the original complaint brought pursuant to 42 U.S.C. § 1981 and state law claims for breach of settlement agreement.

**JURISDICTION AND VENUE**

1.  This Honorable Court has federal-question jurisdiction over Plaintiff's claims that arise under 42 U.S.C. § 1981 and Title VII.

2.  This Honorable Court has supplemental jurisdiction over Plaintiff's state law claim for breach of settlement agreement pursuant to 28 U.S.C. § 1367, as that claim is so related to

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff brings this First Amended Complaint following this Court's Order (Doc. 12) granting leave to amend.

Page 1

        Plaintiff's federal claims that it forms a part of the same case or controversy.

3.     Venue is appropriate in the Northern District of Alabama under 28 U.S.C. § 1391(b) because all events giving rise to the claims herein occurred in Tuscaloosa County, Alabama.

## PARTIES

4.     Plaintiff, Amanda Gibson, is a citizen of the United States and resides in Tuscaloosa County, Alabama, which is within the Western Division of the Northern District of Alabama.

5.     Upon information and belief, Defendant, Reliant Renal Care-Alabama, LLC, is a Delaware limited liability corporation and a subsidiary of Defendant Reliant Renal Care, Inc. which is a Delaware corporation with its principal place of business in Media, Pennsylvania.[2]

## STATEMENT OF THE FACTS

6.     Plaintiff, Amanda Gibson, is a Caucasian woman.

7.     Plaintiff was employed by Defendant, initially as a Floor Nurse, and later as a Home Hemodialysis Coordinator.

8.     During at least part of her employment with Defendant, Plaintiff was supervised by Shelia Baraka, an African American woman.

9.     Baraka discriminated against Plaintiff and created a hostile work environment for Plaintiff because of Plaintiff's race. Baraka accomplished this by treating employees, including Plaintiff, differently on the basis of race and by describing employees with offensive racial epithets.

10.    On October 17, 2012, Plaintiff filed a charge of discrimination with the Equal Employment

---

[2] Hereinafter, Defendants Reliant Renal Care-Alabama, LLC and Reliant Renal Care, Inc. are referred to collectively as "Defendant".

Opportunity Commission (EEOC) as a result of the discrimination she experienced at Reliant Renal Care.

11. On January 3, 2014, the EEOC issued its determination that "[t]he evidence establishes that [Plaintiff] was subjected to unwelcome comments or conduct based upon her race." *See* Document 1-1.

12. Thereafter, Plaintiff and Defendant engaged with the EEOC in conciliation efforts and reached a conciliation agreement and a settlement of the claims in her EEOC charge. *See* Document 1-2.

13. Within roughly 24 hours of Plaintiff executing the settlement agreement, she was suspended from her job and then terminated.

14. Defendant claims Plaintiff was terminated for violating its computer use policy. This alleged violation of a computer use policy is merely a pretext for retaliation and discrimination.

15. On June 13th, 2014, Plaintiff filed a charge of discrimination and retaliation with the EEOC. This charge was amended on August 12th, 2014. *See* Document 9-3.

16. In response to her June 13th, 2014 charge of discrimination, which was amended in August 2014, Plaintiff received a right to sue letter from the EEOC on January 14th, 2015. *See* Document 9-3.

## **SECTION 1981 DISCRIMINATION**

17. Plaintiff incorporates by reference all preceding paragraphs.

18. At all relevant times, up to the point of her termination, Plaintiff and Defendant were in a contractual relationship within the meaning of 42 U.S.C. § 1981.

19. Under 42 U.S.C. § 1981, it is unlawful to discriminate on the basis of race in the making and

enforcement of contracts. This prohibition extends to encompass claims of retaliation.

20. Plaintiff was discharged because of her race, in violation of 42 U.S.C. § 1981.

21. Before her discharge, Plaintiff experienced retaliation as a result of her decision to challenge Defendant's discriminatory acts.

22. After Plaintiff filed a charge of discrimination with the EEOC, Shelia Baraka referred to Plaintiff in the presence of others as a "white, honky bitch". This comment was made because Plaintiff had filed a charge of discrimination. *See* Document 1-3.

23. After the charge of discrimination was filed, Shelia Baraka also retaliated against Plaintiff in other ways, including singling her out for unwarranted disciplinary action. *See* Document 1-3.

24. Defendant ratified the conduct of Baraka by ignoring complaints by employees about her behavior.

25. In addition, after the charge had been filed, Defendant sent an attorney representative from its corporate office to the Tuscaloosa office to give training on "team building." The corporate representative used the opportunity to intimidate employees. He told the employees that it was extremely difficult to succeed in discrimination cases and that the complaints to corporate needed to stop. This representative also communicated to the employees at this meeting that if the complaints did not stop, there would be terminations. The tone of this discussion was threatening and left many employees afraid to cooperate in investigations into discrimination at Defendant's Tuscaloosa office.

26. Plaintiff's discharge and the other acts of retaliation represent new discriminatory acts and retaliation which were not covered by her original charge filed with the EEOC (EEOC

Charge No. 420-2013-00106).

27. The settlement agreement reached by Plaintiff and Defendant releases only those claims based on or arising from the allegations of the original charge filed on October17, 2012. *See* Document 1-2.

28. Since Plaintiff's termination and the other retaliatory acts are new acts of discrimination and retaliation not covered by the settlement agreement, she is free to pursue a claim for discrimination and retaliation under 42 U.S.C. § 1981.

29. As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has incurred damages.

## BREACH OF SETTLEMENT AGREEMENT

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Plaintiff and Defendant entered into a settlement agreement for the claims made in Plaintiff's original EEOC charge.

32. Along with the settlement agreement, the parties also entered into a conciliation agreement relating to the claims made in Plaintiff's original EEOC charge.

33. The conciliation agreement required that Defendant conduct all employment practices in a non-discriminatory manner and that Defendant refrain from retaliating against any person.

34. Nothing in the settlement agreement or the conciliation agreement required the Plaintiff to leave the employ of the Defendant.

35. Defendant breached the conciliation and settlement agreements by suspending and eventually terminating the Plaintiff on grounds which were merely pretext.

36. Defendant's actions have also violated the implied covenant of good faith and fair dealing

in the settlement agreement and the conciliation agreement.

37. As a direct and proximate result of Defendant's willful violations of the settlement and conciliation agreements, Plaintiff has incurred damages.

## TITLE VII HOSTILE WORK ENVIRONMENT - RACE DISCRIMINATION

38. Plaintiff incorporates by reference all preceding paragraphs.

39. After Plaintiff filed her EEOC charge of discrimination (*see* Document 9-3), Plaintiff's supervisor, Sheila Baraka, used racial slurs and epithets to describe Plaintiff.

40. The racial slurs and epithets used by Baraka to describe Plaintiff were discrimination motivated by Plaintiff's race.

41. Baraka also discriminated against Plaintiff in other ways, including singling her out for unwarranted disciplinary action at work.

42. Defendants not only failed to respond to previous reports of racist remarks, but also failed to thoroughly investigate Plaintiff's claims upon her discharge.

43. The above described acts represent new discriminatory acts which were not covered by Plaintiff's original charge filed with the EEOC. (EEOC Charge No. 420-2013-00106).

44. The settlement agreement reached by Plaintiff and Defendant releases only those claims based on or arising from the allegations of the original charge filed on October 17, 2012. *See* Document 1-2.

45. Since the above described acts of discrimination are new acts of discrimination not covered by the settlement agreement, Plaintiff is free to pursue a claim for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

46. As a direct and proximate result of Defendant's Title VII violation, Plaintiff has incurred damages.

## TITLE VII HOSTILE WORK ENVIRONMENT - RETALIATION

47. Plaintiff incorporates by reference all preceding paragraphs.

48. After Plaintiff filed her EEOC charge of discrimination (*see* Document 9-3), Plaintiff's supervisor, Sheila Baraka, used racial slurs and epithets to describe Plaintiff.

49. The racial slurs and epithets used by Baraka to describe Plaintiff were motivated by and were in retaliation for Plaintiff engaging in the protected activity of reporting discrimination to the EEOC.

50. Baraka also retaliated against Plaintiff in other ways, including singling her out for unwarranted disciplinary action at work.

51. Defendants not only failed to respond to previous reports of racist remarks, but also failed to thoroughly investigate Plaintiff's claims upon her discharge.

52. The above described acts represent new retaliatory acts which were not covered by Plaintiff's original charge filed with the EEOC. (EEOC Charge No. 420-2013-00106).

53. The settlement agreement reached by Plaintiff and Defendant releases only those claims based on or arising from the allegations of the original charge filed on October 17, 2012. *See* Document 1-2.

54. Since the above described acts of retaliation are new acts of retaliation not covered by the settlement agreement, Plaintiff is free to pursue a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

55. As a direct and proximate result of Defendant's Title VII violation and the retaliatory

work environment, Plaintiff has incurred damages.

## TITLE VII-DISCRIMINATORY DISCHARGE

56. Plaintiff incorporates by reference all preceding paragraphs.

57. Plaintiff was discharged because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

58. Defendants not only failed to respond to previous reports of racist remarks, but also failed to thoroughly investigate Plaintiff's claims upon her discharge.

59. Plaintiff's discharge represents a new discriminatory act which was not covered by her original charge filed with the EEOC (EEOC Charge No. 420-2013-00106).

60. The settlement agreement reached by Plaintiff and Defendant releases only those claims based on or arising from the allegations of the original charge filed on October 17, 2012. *See* Document 1-2.

61. Since Plaintiff's termination occurred after the filing of Plaintiff's original EEOC charge, it is a new act of discrimination not covered by the settlement agreement and she is free to pursue a claim for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

62. As a direct and proximate result of Defendant's Title VII violation, Plaintiff has incurred damages.

## TITLE VII-RETALIATORY DISCHARGE

63. Plaintiff incorporates by reference all preceding paragraphs.

64. Plaintiff was discharged in retaliation for filing an EEOC charge. This retaliation was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

65. Defendants not only failed to respond to previous reports of racist remarks, but also failed to thoroughly investigate Plaintiff's claims upon her discharge.

66. Plaintiff's discharge represents a new discriminatory act which was not covered by her original charge filed with the EEOC (EEOC Charge No. 420-2013-00106).

67. The settlement agreement reached by Plaintiff and Defendant releases only those claims based on or arising from the allegations of the original charge filed on October 17, 2012. *See* Document 1-2.

68. Since Plaintiff's termination occurred after the filing of Plaintiff's original EEOC charge, it is a new act of retaliation not covered by the settlement agreement and she is free to pursue a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

69. As a direct and proximate result of Defendant's Title VII violation, Plaintiff has incurred damages.

WHEREFORE, Plaintiff, Amanda Gibson, prays for judgment against Defendant, Reliant Renal Care-Alabama, LLC, and Defendant Reliant Renal Care, Inc., as follows:

A. For a declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violate the laws of the United States and the State of Alabama.

B. For an injunction and order permanently restraining Defendants from engaging in unlawful discrimination and retaliation.

C. For an order directing Defendants to reinstate Plaintiff to her former employment position with Defendants, or in the alternative for front pay. Should this Honorable Court order Plaintiff to be reinstated to her former employment position, Plaintiff prays for an order

   directing Defendants to take affirmative actions to ensure that Plaintiff will not be subjected to future unlawful employment practices.

D. For an award of damages for all monetary and economic harms suffered by Plaintiff, including an amount equal to Plaintiff's back pay and benefits from her date of termination to the present.

E. For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to professional and personal reputation, loss of career fulfillment, and other non-pecuniary damages and fringe benefits.

F. For punitive damages.

G. For all attorneys' fees and costs of this action.

H. For prejudgment interest on all awards of damages.

I. For an order directing the Defendants to comply with all of its other contractual duties under the settlement agreement and the conciliation agreement.

J. For such other and further relief as is just and equitable.

             REBECCA A. YOUNG

             */s/ Rebecca A. Young*
             OWENS & MILLSAPS, LLP
             Attorneys for Plaintiff, Amanda Gibson
             P.O. Box 2487
             Tuscaloosa, AL 35403
             Telephone: 205/750-0750
             Attorney Code: COO-092
             ryoung@theowensfirm.com

**Jury Demand**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

REBECCA A. YOUNG

/s/ *Rebecca A. Young*